UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONYA NELMS, #410644,

    Petitioner,

v.                                    CASE NO. 2:20-CV-10069
                                    HONORABLE VICTORIA A. ROBERTS

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE,
DIRECTING THAT THE FILING FEE BE FILED IN A PRIOR CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Sonya Helms ("Petitioner") has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting that she is being held in violation of her constitutional rights. In her pleadings, she challenges her Wayne County Circuit Court convictions for manslaughter, felon in possession of a firearm, and possession of a firearm during the commission of a felony for which she was sentenced to two years six months to 30 years imprisonment, a concurrent term of five to 10 years imprisonment, and a consecutive term of two years imprisonment in 2017.

Petitioner, however, has already filed a federal habeas action challenging the same convictions and sentences, which is pending in federal court. *See Nelms v. Brewer*, Case No. 4:19-CV-13331 (E.D. Mich.) (Leitman, J.). In that case, Judge Leitman issued a deficiency order requiring Petitioner to either pay the filing fee or to submit an application to proceed without prepayment of the filing fee. Petitioner did not comply with that order, so Judge Leitman recently

issued a second deficiency order. It appears that Petitioner either feared that her case had been dismissed or was attempting to correct the deficiency when she submitted the instant pleadings along with the required filing fee.

The instant case must be dismissed as duplicative to the pending habeas action. *See, e.g., Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006) *Harrington v. Stegall*, 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition). Petitioner's filing fee should be submitted in her previously-filed case before Judge Leitman. Petitioner may not challenge the same convictions in two different habeas actions. Accordingly, the Court **DISMISSES** this case without prejudice. The Court **DIRECTS** the Clerk's Office to re-file Petitioner's paid filing fee for this case in Case No. 4:19-CV-13331 for further review. The Court makes no determination as to the merits of Petitioner's habeas claims. This case is closed.

Before Petitioner may appeal, a Certificate of Appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES**

a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as any appeal from this non-prejudicial dismissal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

                                    s/ Victoria A. Roberts
                                    VICTORIA A. ROBERTS
                                    UNITED STATES DISTRICT JUDGE

Dated: January 31, 2020